UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIION, LLC, | ) |
|          Plaintiff, | ) No. 18 CV 6133 |
| v. | ) Magistrate Judge Young B. Kim |
| VERTIV GROUP CORPORATION, VERTIV CORPORATION, f/k/a Liebert Corporation, EECO, INC., and EMERSON ELECTRIC CO., | ) |
|          Defendants. | ) March 18, 2019 |

**ORDER**

Before the court is Defendants Vertiv Group Corporation's and Vertiv Corporation's (together, "Vertiv") motion to compel discovery. Vertiv seeks to have Plaintiff supplement its earlier responses to Vertiv's Interrogatory ("INT") Nos. 4-6, 8, 12, and 19 and Requests to Produce ("RTP") Nos. 4-6, 16, 17, 20, 21, 25, 26, and 37. For the following reasons, the motion is granted in part and denied in part:

| Discovery Request | Ruling |
|---|---|
| INT Nos. 4-6 and 12<br><br>RTP Nos. 4-6, 16, 20, 21, and 37 | The motion is granted in part and denied in part. In its motion, Vertiv argues that Plaintiff must supplement its answers to these discovery requests because Plaintiff's financial condition is an issue to be litigated in this case, for both the underlying claims and counterclaims. Vertiv explains that the information is relevant not only to support its reason for terminating its business relationship with Plaintiff but also to investigate Plaintiff's potential damages, if any. Plaintiff disagrees and argues that it should only provide the financial information relevant to its damage model.<br><br>The motion is granted as to INT Nos. 4-6 and RTP No. 37 if Plaintiff is seeking damages based on investment loss resulting from the alleged misappropriation. If Plaintiff is not seeking such damages, it must state so in response to these interrogatories. |

|  | The motion is granted as to INT No. 12 if Plaintiff seeks to recover lost profits as a result of Vertiv switching vendors. Vertiv takes the position that because Plaintiff was experiencing issues with its supply line, even if Vertiv did not switch vendors, Plaintiff would have failed to meet its contractual obligations. If Plaintiff is not seeking such damages, then it must state so in response to this interrogatory.<br><br>Motion is denied as to RTP Nos. 4, 5, 16, 20, and 21. No 4 has nothing to do with Vertiv's argument in its motion and Plaintiff has responded that it has already produced all documents responsive to No. 5. No. 16 is too broad in scope in that it seeks documents about any and all supply delays. No. 20 is not relevant because Vertiv's suspicion about Plaintiff is not made more or less legitimate based on information it did not have prior to terminating their business relationship. No. 21 does not seek any information that is relevant.<br><br>Motion is granted as to RTP No. 6. Although this request has nothing to do with Vertiv's argument in its motion, the relevance of the request is apparent on its face in that the scope of access to Plaintiff's alleged trade secret and the measures Plaintiff took to guard the information is material to this case. |
|---|---|
| INT No. 8 | The motion is granted. The court agrees with Vertiv that Plaintiff's answer to this interrogatory is too general and vague. Plaintiff is the entity that is bringing this lawsuit claiming that Vertiv disclosed and misused trade secrets. It must have factual basis as to the specific information misappropriated by Vertiv. Plaintiff's answer amounts to nothing more than a general description of the information Vertiv allegedly misappropriated, not the actual information misappropriated. Vertiv is also correct that it is entitled to have Plaintiff identify the specific information it allegedly misused in order to defend this action. Further, Plaintiff fails to respond to the other related information (e.g., "when the information was first provided to Vertiv" and "an identification of the individuals that received the information") sought by this interrogatory. |
| INT No. 19<br><br>RTP Nos. 17, 25, and 26 | The motion is denied. The motion is denied as moot as to INT No. 19 and RTP No. 25 because Plaintiff has agreed to supplement its prior response with all purchase orders. The motion is denied as to RTP Nos. 17 and 26 because Plaintiff's objections are sustained. |
| Inspection | The motion is denied as moot. Plaintiff agrees to an inspection. The court agrees that the parameters set forth by Plaintiff, (R. 93, Pl.'s Resp. at 7), are reasonable. |

| | |
|---|---|
| INT Answer Verification | The motion is denied as moot.  Plaintiff has agreed to provide the verification required under Rule 33(b)(5). |

For the foregoing reasons, Plaintiff is ordered to supplement its earlier discovery responses to INT Nos. 4-6, 8, 12, and 19 (purchase orders) and RTP Nos. 6, 25, and 37.  Plaintiff must also verify its interrogatory answers and permit Vertiv to perform an inspection.

        **ENTER:**

        _____
        **Young B. Kim**
        **United States Magistrate Judge**