# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LIION, LLC,                    )<br>          Plaintiff,            )<br>                                )<br>     v.                         )<br>                                )<br>VERTIV GROUP CORPORATION,       )<br>VERTIV CORPORATION, f/k/a       )<br>LIEBERT CORPORATION, EECO,      )<br>INC., and EMERSON ELECTRIC CO., )<br>                                )<br>          Defendants.           ) | Case No: 18 C 6133<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss filed by Liion, LLC ("Plaintiff") [54] is denied.

## STATEMENT

Plaintiff designs and builds stored-energy solutions for businesses. (First Amended Complaint, ("FAC"), Dkt. # 32, ¶ 2.) Plaintiff has alleged various trade-secret and contract-related claims against Vertiv, which counterclaims for, among other things, tortious interference with its business relationships and business expectancy (Count IV) and a declaration that it did not misappropriate trade secrets or breach any contract (Counts V and VI). (Countercl., Dkt. # 38.) Plaintiff moves to dismiss these counterclaims for failure to state a claim, but did not file a reply. Accordingly, the Court rules on the parties' filings as they currently stand.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a Rule 12(b)(6) motion, "courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citation omitted).

With respect to the tortious-interference claims, Vertiv alleges that in late 2016, it agreed to use Plaintiff as a supplier of lithium-ion battery cabinets to Vertiv's customers; Vertiv entered into purchase orders with its customers with Plaintiff's specific knowledge and repeated assurances that it would be able to deliver the agreed-upon products; in late fall 2017, Plaintiff began to threaten Vertiv that it would not deliver the battery cabinets that had been ordered unless Vertiv paid Plaintiff more money pre-delivery; after negotiations between the parties'

principals fell apart, Vertiv "terminated its supply relationship with [Plaintiff]" because it feared that Plaintiff "would never deliver to its customers the already-ordered lithium-ion battery cabinets"; and Vertiv suffered significant losses as a result of Plaintiff's failure to deliver the lithium-ion battery cabinets that Vertiv had ordered for its customers. (Countercl., Dkt. # 38, ¶¶ 21-36.) According to Vertiv, Plaintiff "knew that Vertiv had accepted orders for [Plaintiff's] lithium-ion battery cabinets from various Vertiv customers," and Plaintiff "intentionally, willfully, and without justification interfered with Vertiv's business relationships with its customers by failing to deliver on the purchase orders." (*Id*. ¶¶ 62-63.)

The purchase orders that form the basis of Vertiv's claim provide that they are governed by Missouri law. "[A] claim for tortious interference with a contract or business expectancy requires proof of each of the following: '(1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages.'" *Rail Switching Servs., Inc. v. Marquis-Mo. Terminal, LLC*, 533 S.W.3d 245, 257 (Mo. Ct. App. 2017). Vertiv has adequately alleged these elements. Plaintiff's contention that it had justification for the alleged interference is not a determination the Court can make on the current record. Accordingly, the motion to dismiss the tortious-interference claim is denied.

Plaintiff also moves to dismiss as superfluous and unnecessary Vertiv's claims for a declaratory judgment that it did not misappropriate trade secrets or breach its contract with Plaintiff. Another court in this circuit recently had the following cogent analysis of the issue in a trademark infringement case:

> Although the court agrees that defendants' counterclaim for a declaratory judgment of noninfringement appears to be a mirror image of plaintiff's infringement claim, at this stage of the lawsuit, so what?
>
> First, neither this court nor the Seventh Circuit Court of Appeals has conclusively held that a claim for declaratory judgment must be dismissed if it mirrors allegations asserted by the opposing party in an earlier filing. The decision of whether to dismiss a counterclaim for declaratory judgment is a matter of "judicial discretion" and is not subject to hard and fast rules of this sort. Second, cases in which courts dismiss declaratory judgments that mirror an opposing party's complaint typically involve multiple proceedings (i.e., mirror claims proceeding in two different cases or courts). Dismissing mirror image claims in that context is obviously appropriate because allowing a declaratory judgment claim to advance beyond the pleading stage could lead to a "piecemeal trial" or even inconsistent results. Here, however, the issue of separate proceedings is not present, and it is not necessary to dismiss mirror image claims on those grounds. Third, at least until discovery and likely even summary judgment, it is no[t] obvious that the claims are mirror images and why would this court invest time and effort in discerning that at the pleading stage, when it has zero possibility of narrowing or advancing the underlying lawsuit in any material respect[?]

2

> In fairness, dismissal is arguably still warranted here, since in response to plaintiff's motion, defendants failed to offer any reason why a declaratory judgement for noninfringement is necessary or to describe what it adds to this litigation. Instead, defendants argue that a court has discretion to hear counterclaims and there is no "overarching rule" dictating dismissal of counterclaims presenting nothing more than the flip side of an opposing party's claim. True enough, but if a finding for defendants on the merits in this case would have the same effect as the grant of a declaratory judgment of non-infringement, why would defendants want to maintain it?
>
> At this point, however, the court will give defendants the benefit of the doubt that there is a distinction justifying their counterclaim. Plus, the court wants to discourage plaintiff and others from filing further motions of this sort going forward. But if defendants are both unwilling to voluntarily dismiss this claim and unable to provide some reason for allowing a separate counterclaim to advance at summary judgment, then the court will not only grant plaintiff's motion for such summary judgment and dismiss any counterclaim simply seeking a finding that defendants are not infringing the trademarks, but award costs (and possibly sanctions) for requiring plaintiff to bring the motion.

*Free Range Presents Dallas, LLC v. Fort Invs. LLC*, No. 18-CV-104-WMC, 2018 WL 6441017, at *3 (W.D. Wis. Dec. 7, 2018) (internal citations omitted).

      The Court finds this approach reasonable and fair. Accordingly, the Court will address the mirror-image issue on summary judgment, if necessary, and Vertiv is forewarned that it may be responsible for the costs of Plaintiff's summary judgment motion absent a solid legal basis for its request for declaratory judgment on the relevant counts. The motion to dismiss the declaratory judgment counts is therefore denied.

**Date:** April 9, 2019

                                         **Ronald A. Guzmán**
                                         **United States District Judge**