# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIION, LLC, | ) | |
| An Illinois Limited Liability Company, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 18-cv-6133 |
| v. | ) | District Judge Ronald A. Guzman |
| | ) | Magistrate Judge Young B. Kim |
| VERTIV GROUP CORPORATION, | ) | |
| VERTIV CORPORATION, f/k/a Liebert | ) | |
| Corporation, EECO, INC., and EMERSON | ) | |
| ELECTRIC CO. | ) | |
| | ) | |
|     Defendants, | ) | |

**PLAINTIFF'S ANSWERS TO DEFENDANT VERTIV'S**
**FIRST SET OF REQUESTS TO PRODUCE**

NOW COMES Plaintiff, LIION, LLC, by and through its attorneys, Barney &

Karamanis, LLP, and answer Defendant Vertiv's First set of Requests for Production as follows:

**REQUESTS FOR PRODUCTION REQUEST NO. 1:** Documents sufficient to show and describe what LiiON alleges are Trade Secrets and/or Confidential Information, including any source code, that LiiON alleges Vertiv to have misappropriated.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objection, Plaintiff will produce such documents sufficient to show the trade secrets and confidential information at issue in this case.  Plaintiff further states that all such documents and source code printouts will be subject to the protective order and must be attorney eyes only.**

**REQUEST NO. 2:** All documents relating to the timing of LiiON's disclosure of Trade Secrets or Confidential Information to Vertiv.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and**

seeking privileged and confidential information. Notwithstanding and without waiving said objection, Plaintiff will produce any and all documents relating to the disclosure of any trade secrets and confidential information to Vertiv.

**REQUEST NO. 3:** All documents and communications with or about third parties, including customers, potential customers, suppliers, and potential suppliers, during the Relevant Time Period that relate to the alleged Trade Secrets or Confidential Information.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information. Plaintiff further objects on the basis that this request is unclear and confusing. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents, if any, where Plaintiff transmitted or divulged the specific trade secrets or confidential information at issue in this case to third parties. However, at this time, Plaintiff has no such documents to produce. Plaintiff reserves the right to supplement this request upon discovery of new evidence.**

**REQUEST NO. 4:** All press releases, public statements, or other communications with the public regarding lithium ion technology and/or solutions.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and confusing. To further clarify, Plaintiff answers this request assuming that I refers to any public statements made by Plaintiff or that Plaintiff intends to use in this case at trial or otherwise. Notwithstanding and without waiving said objections, Plaintiff states that it has produced any and all documents responsive to this request that are within its possession and control.**

**REQUEST NO. 5:** Documents sufficient to identify all third parties to whom LiiON provided its proprietary software, its lithium ion uninterruptable power supply system, or any Trade Secrets or Confidential Information.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and confusing. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this**

**request. However, Plaintiff has no such documents to produce at this time other than those communications relating to Vertiv and Emerson. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 6**: Documents sufficient to show all individuals who had access to LiiON's Trade Secrets or Confidential Information.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and confusing. Notwithstanding and without waiving said objections, Plaintiff states that it has produced all correspondence and documents responsive to this request, including but not limited to emails, Non-Disclosure Agreements, sales agreements, and Power Point presentations. Additionally, Plaintiff states that there are more documents and data that may be responsive to this request contained within the sealed box received from Vertiv. That box is available for a mutually agreed unsealing and inspection. Plaintiff will seasonably supplement any and all documents responsive to this request as they become available or enter Plaintiff's possession or control.**

**REQUEST NO. 7:** All documents relating to the disclosure of Trade Secrets or Confidential Information to unauthorized persons, including any documents reflecting LiiON's knowledge of such unauthorized disclosure.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and confusing. Further clarification is necessary for Plaintiff to respond to this request in full. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that illustrate any inadvertent disclosure of trade secrets or confidential information, if any.**

**REQUEST NO. 8:** All documents relating to LiiON's efforts to protect confidentiality of the Trade Secrets or Confidential Information, including any non-disclosure, confidentiality, non-competition, non-circumvention, or non-solicitation agreements; data security policies and procedures; remote computer and email access protocols, policies, and procedures; policies and

procedures relating to removable media, data storage, and computer security; and documents relating to the way LiiON tracks and stores confidential information and materials.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and confusing. Further clarification is necessary for Plaintiff to respond to this request.**

**REQUEST NO. 9:** Each non-disclosure agreement that LiiON "required" third parties "to sign . . . prior to any trade secrets or confidential information being divulged," as referenced in the Complaint ¶ 101.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and confusing. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff has produced a sample Non-Disclosure Agreement, which was sent to any and all entities that may be exposed to Plaintiff's trade secrets or confidential information.**

**REQUEST NO. 10**: All patents or patent applications referred to in the Complaint.

**ANSWER: Plaintiff states that all patent applications are within the possession of Defendants, and those applications were then attached to a filing in this case. No other patent applications are relevant to this case.**

**REQUEST NO. 11:** Documents sufficient to identify LiiON's development of its lithium ion battery cabinet, BMS, and battery chemistry, including the timeline for their development, the resources LiiON invested in the product, and the source of the product's origin.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request subject to the protective order.**

**REQUEST NO. 12:** Documents and communications sufficient to evidence all publicly available information related to lithium ion battery technologies during the Relevant Time

Period.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.**

**REQUEST NO. 13:** All documents evidencing that Samsung's product incorporates LiiON's Trade Secrets.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request.**

**REQUEST NO. 14:** All communications with Vertiv and/or Emerson, including any presentations or presentation materials given to either entity by LiiON during the Relevant Time Period that relate to the Trade Secrets.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request.  See LiiON 00103-00202.**

**REQUEST NO. 15**: All agreements or contracts, whether signed or unsigned, between LiiON, on the one hand, and either Vertiv or Emerson, on the other.

**ANSWER:  Plaintiff objects to this request as being vague.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request.  Plaintiff has produced the MOAs and NDAs as well as the Supply Agreement with Emerson.**

**REQUEST NO. 16**: All documents between LiiON and its suppliers regarding components of its lithium ion battery cabinet and evidencing delivery delays, or anticipated delays.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, not reasonably calculated to lead to admissible evidence, and seeking privileged and confidential information that is not at issue in this case.**

**REQUEST NO. 17**: All documents relating to LiiON's ability to fulfill purchase orders or meet demand for its lithium ion battery cabinets during the Relevant Time Period.

**ANSWER:  Plaintiff objects to this request as being vague, not reasonably calculated to lead to admissible evidence, and seeking privileged and confidential information that is not at issue in this case.**

**REQUEST NO. 18**: Documents sufficient to show any harm LiiON contends it suffered from any supposed misappropriation by Vertiv, or the lack of harm thereof.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request.  Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 19**: Documents sufficient to show the independent economic value, or lack thereof, of each Trade Secret.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, confusing, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request.  Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.  Further clarity is necessary to determine the documents actually sought by Defendants from this request.**

**REQUEST NO. 20**: Documents sufficient to show LiiON's financial condition on a quarterly

and annual basis during the Relevant Time Period, including quarterly and annual financial statements for LiiON, to the extent they exist.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information that is not at issue in this case.  LiiON's financial condition has no relevancy to this case, and such information is not likely to lead to admissible evidence.**

**REQUEST NO. 21**: LiiON's tax returns and any other documents reflecting appraisals of LiiON's business or equity during the Relevant Time Period.

**ANSWER:  Plaintiff objects to this request as being not reasonably calculated to lead to admissible evidence, unduly burdensome, vague, and seeking privileged and confidential information. LiiON's tax returns have no relevancy to this case, and such information is not likely to lead to admissible evidence.**

**REQUEST NO. 22**: Any appraisals or other analyses of the financial value of LiiON's intellectual property portfolio, including the Trade Secrets.

**ANSWER:  Plaintiff objects to this request as being not reasonably calculated to lead to admissible evidence, unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request.  Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.  Plaintiffs have no such documents in their possession and control at this time.**

**REQUEST NO. 23**: All licenses of LiiON's lithium ion technologies, including those that license any technologies relating to one or more Trade Secret.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its**

possession and control that are responsive to this request. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.

REQUEST NO. 24: All documents reflecting any market studies analyzing the competition between LiiON and either Vertiv or Samsung.

ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff has produced the side-by-side comparison provided in an email to Vertiv. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.

REQUEST NO. 25: All documents relating to purchase orders and/or invoices with Vertiv, including cancellations of any purchase orders.

ANSWER: Plaintiff has produced the invoices and purchase orders within its possession and control relating to Vertiv.

REQUEST NO. 26: All documents relating to purchase orders and/or invoices with any customers other than Vertiv, including cancellations of any purchase orders.

ANSWER: Plaintiff objects to this request as being not reasonably calculated to lead to admissible evidence, unduly burdensome, vague, and seeking privileged and confidential information. LiiON's sales have no relevancy to this case, and such information is not likely to lead to admissible evidence.

REQUEST NO. 27: All documents supporting or undermining LiiON's allegation that Vertiv breached its obligations to LiiON.

ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and

confusing. **Plaintiff further objects to this request as being not reasonably calculated to lead to admissible evidence. Notwithstanding and without waiving said objections, Plaintiff states that there are no such documents.**

**REQUEST NO. 28**: All documents supporting or undermining LiiON's allegation that Vertiv misappropriated its Trade Secrets.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and confusing. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 29**: All documents supporting or undermining LiiON's allegation that Vertiv disclosed LiiON's Trade Secrets or Confidential Information to Samsung.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and confusing. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 30**: All documents supporting or undermining LiiON's allegation that Vertiv is using LiiON's Trade Secrets or Confidential Information.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and confusing. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 31**: All communications with LiiON and any other third party about Vertiv and/or Emerson's use of LiiON's Confidential Information or Trade Secrets during the Relevant Time Period.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 32**: All communications between LiiON and Samsung regarding LiiON's Confidential Information or Trade Secrets during the Relevant Time Period.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.   None are within Plaintiff's possession and control.  If any exist, they will be produced.**

**REQUEST NO. 33**: All communications with third parties regarding Vertiv, Emerson, Samsung, the allegations underlying this lawsuit, and/or this lawsuit since January 2017.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.   See generally Plaintiff's production.**

**REQUEST NO. 34**: All communications with Underwriters' Laboratories ("UL"), APC by

Schneider Electric, Schneider Electric, Valence Technology, Inc., and Eaton Corporation during the Relevant Time Period.

**ANSWER: Plaintiff objects to this request as being not reasonably calculated to lead to admissible evidence, unduly burdensome, vague, and seeking privileged and confidential information. Notwithstanding and without waiving said objection, Plaintiff will produced any documents where any trade secrets or confidential information relevant to this case were discussed.**

**REQUEST NO. 35**: All communications with Lithium Werks regarding the sale, acquisition, merger, or divestiture of LiiON.

**ANSWER: Plaintiff objects to this request as being not reasonably calculated to lead to admissible evidence, unduly burdensome, vague, and seeking privileged and confidential information.**

**REQUEST NO. 36**: All documents LiiON provided Lithium Werks that demonstrate LiiON's profits, revenues, liabilities, and accounts receivable, as well as any communications between LiiON and Lithium Werks regarding this Litigation.

**ANSWER: Plaintiff objects to this request as being not reasonably calculated to lead to admissible evidence, unduly burdensome, vague, and seeking privileged and confidential information.**

**REQUEST NO. 37**: All documents and communications relating to the actual or potential sale of LiiON, its Confidential Information or Trade Secrets at any time, including up to the present.

**ANSWER: Plaintiff objects to this request as being not reasonably calculated to lead to admissible evidence, unduly burdensome, vague, and seeking privileged and confidential information. Notwithstanding and without waiving said objection, and in accord with the Court's Order of March 18, 2019, Plaintiff states that it has produced documents relating to its financial condition during the relevant periods, and damages.**

**REQUEST NO. 38**: All documents and communications relating to or mentioning this Litigation or potential litigation against Vertiv with any person, other than communications between LiiON and its counsel for this Litigation at any time, including up to the present.

**ANSWER: Plaintiff objects to this request as being not reasonably calculated to lead to admissible evidence, unduly burdensome, vague, and seeking privileged and confidential information. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 39**: Documents sufficient to show LiiON's document retention policies and procedures during the Relevant Time Period.

**ANSWER: Plaintiff objects to this request as being not reasonably calculated to lead to admissible evidence, unduly burdensome, vague, and seeking privileged and confidential information. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered. None are within Plaintiff's possession at this time.**

**REQUEST NO. 40**: Any document that LiiON intends to introduce at any deposition, attach to any motion, or use at any trial or other hearing in this Litigation.

**ANSWER: Plaintiff objects to this request as seeking privileged work product documents and confidential information. Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request when such disclosures are required under the Federal Rules. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 41**: Any document that LiiON referred to or relied on in answering any interrogatory in the Litigation.

**ANSWER:  Plaintiff objects to this request as being vague.  Notwithstanding and without waiving any objections, Plaintiff answers that there are none at this time.  Plaintiff reserves the right to supplement these responses in accord with all applicable rules of the Federal Rules of Civil Procedure.**

**REQUEST NO. 42**: Any document that LiiON will or may use in support of its allegations in the Litigation.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request when such disclosures are required under the Federal Rules. Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 43**: All agreements with any third-party witnesses in this Litigation.

**ANSWER: Plaintiff objects to this request as being unduly burdensome, vague, and seeking privileged and confidential information.  Notwithstanding and without waiving said objections, Plaintiff states that it will produce any and all documents within its possession and control that are responsive to this request when such disclosures are required under the Federal Rules. None at this time.  Plaintiff reserves the right to supplement this response and will produce any additional documents when and if any are found or discovered.**

**REQUEST NO. 44**: All documents responsive to Emerson's First Requests for Production to LiiON in this Litigation.

**ANSWER:  Plaintiff objects to this request as being unduly burdensome, vague, and confusing.  See attached production.  Plaintiff reserves the right to supplement this**

**response and will produce any additional documents when and if any are found or discovered.**

**PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT ALL OF THESE RESPONSES IN ACCORD WITH ALL APPLICABLE RULES OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Respectfully submitted

**LIION, LLC**

/s/ Kenneth A. Nazarian
One of Its Attorneys

James A. Karamanis (ARDC #6203479)
Kenneth A. Nazarian (ARDC #6309765)
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
Tel.: 312/553-5300
james@bkchicagolaw.com
ken@bkchicagolaw.com

## <u>VERIFICATION</u>

Under penalties as provided by law pursuant to 218 U.S.C. §1746(2), the undersigned certifies that the statements set forth in my Amended Answers to Requests to Produce, are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verify believes the same to be true.

_____

Gary Gray, as President of LiiON, LLC