IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIION, LLC, | ) |
| Plaintiff, | ) CASE NO. 1:18-CV-06133 |
| vs. | ) JUDGE MARY M. ROWLAND |
| VERTIV GROUP CORPORATION, et al., | ) MAGISTRATE JUDGE YOUNG B. KIM |
| Defendants. | ) |

**VERTIV'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENT TO MOTION FOR DISCOVERY SANCTIONS**

LiiON's response to Vertiv's Supplement to Its Motion for Discovery Sanctions confirms that LiiON must be severely sanctioned for its repeated and egregious discovery misconduct. In the response, LiiON admits that Joshua Barney, a part owner in LiiON, reviewed Attorney's Eyes Only ("AEO") material on multiple occasions after he obtained his ownership interest in LiiON, and in fact, reviewed *332* documents that have been designated as AEO by Vertiv ***and non-party Samsung***. Dkt. 361 at 3, 6; *id.* at Barney Del. ¶¶ 3–4; *id.* at Jenkins Decl. at 3–11 (listing documents that Mr. Barney reviewed). Mr. Barney has not appeared on behalf of LiiON in this litigation. The whole purpose of the AEO designation is to ensure that LiiON's owners, employees and contractors are not allowed to access Vertiv's and, in this case as well, Samsung's, highly confidential and competitive information. *See* Dkt. 61 ¶ 7(c) (Protective Order). LiiON offers four justifications for this blatant violation of the Protective Order, all of which should be rejected.

*First*, LiiON claims that Mr. Barney only "performed some minor work on the litigation" and "has not disclosed or discussed any AEO documents with anyone other than Plaintiff's counsels of record." Dkt. 361 at 3, 6. This ignores the fact that Mr. Barney viewed scores of documents that contain confidential technical information regarding Vertiv and Samsung's

products that is not publicly available. Now possessed with this confidential information, Mr. Barney, now an owner of LiiON, cannot unring the bell. At a minimum, Mr. Barney learned the following highly confidential and competitive information:

- Vertiv's firmware for its UPS (VERTIV0020906);
- Samsung's product specifications for its lithium-ion solution (*see, e.g.*, SDIA_Subp000262);[1]
- Vertiv's UPS technical drawings (*see, e.g.*, VERTIV10499; VERTIV0010510; VERTIV0010721; VERTIV0014775);
- Vertiv UPS testing data (*see, e.g.*, VERTIV004466);
- Vertiv's marketing and sales plans and strategies (*see, e.g.*, VERTIV0011743; VERTIV0015198; VERTIV0015767);
- Vertiv projects and testing not related to LiiON (VERTIV0015515); and
- Samsung battery testing data and discussions concerning such data (*see, e.g.*, VERTIV0007194; VERTIV0012307; VERTIV0012284).[2]

Mr. Barney's review of hundreds of pages of technical information highlights LiiON's motivation in bringing this litigation—to get at Vertiv's confidential information. Dkt. 353-1 at 5 ("[I]n notes regarding the LiiON/Lithium Werks acquisition and this lawsuit, Gary Gray noted that LiiON planned to strategically sue Vertiv in order to gain access to Vertiv's technical information."). Moreover, LiiON's stated reason for Mr. Barney's review of AEO information—that he was assisting in the selection of experts—defies common sense. First, why would an attorney that has not appeared on behalf of LiiON and claims not to have been involved much with the case be tasked with assisting in selecting an expert? Second, given that LiiON has accused Vertiv of stealing technical trade secrets, Vertiv's marketing and sales plans and strategies would not assist Mr. Barney in selecting an expert.

---

[1] Barney, in fact, reviewed Samsung's entire production, much of which was designated as AEO. *See* Dkt. 361 at Jenkins Decl. at 3–5.

[2] Vertiv can provide copies to the Court of any or all of the cited documents upon its request.

Furthermore, Mr. Barney may have learned even more than what is stated in the list of documents above because LiiON's response and the accompanying declarations are silent as to whether (1) Mr. Barney reviewed any deposition transcripts or print-outs with AEO material, or (2) whether Mr. Barney had any oral or email communications with LiiON's lead counsel, James Karamanis, prior to August 2019, regarding AEO material.

Mr. Barney cannot unlearn the extensive highly confidential Vertiv and Samsung information he has reviewed. Mr. Barney is now free to exploit and misuse that information as a part-owner of LiiON. Mr. Barney does not state in his declaration whether he has or has had any involvement in competitive decision making in connection with his ownership interests, or describes his current or potential future job duties or responsibilities. Neither Vertiv or Samsung has had an opportunity to evaluate the impact of disclosing AEO information to him as an owner.

***Second***, LiiON claims that Mr. Barney did not review any "confidential information relating to [Vertiv's] current projects." Dkt. 361 at 6. This is false and tries to distract the Court from the seriousness of Mr. Barney's misconduct. In addition to the documents highlighted above, *see supra*, Mr. Barney reviewed 332 documents designated AEO. In order for documents to be designated AEO, such documents must be "*extremely sensitive* 'Confidential Information or Items,' a disclosure of which to another Party or Non-Party would create *a substantial risk of serious harm* that could not be avoided by less restrictive means." Dkt. 61 ¶ 3(h). Mr. Barney does not get to independently judge the sensitivity of designated documents by another party.

***Third***, LiiON claims that Mr. Barney did not obtain an ownership interest in LiiON until Green Grapes, LLC acquired Maba, LLC on May 20, 2019.[3] Dkt. 361 at 6. Evidence exists that

---

[3] This is coincidentally the day after LiiON and Lithium Werks signed the Purchase Agreement in which Lithium Werks would purchase LiiON.

3

suggests this representation is not accurate. Green Grapes was formed in May 2016. Ex 1. In the Articles of Incorporation filed with the State of Wyoming, it lists as the principal address: 323 West Main Street in Barrington, Illinois, which is the address of Mr. Barney's offices. Ex. 1; *see* http://barneykaramanis.com/contact/. Then each and every annual report that has been filed by Green Grapes (2017–2019) with the Wyoming Secretary of State has been signed by Mr. Barney and continues to list 323 West Main Street as the principal address. Exs. 2 –4. This all suggests that Mr. Barney had an ownership interest in Green Grapes and thus had an ownership interest in LiiON prior to May 20, 2019.[4]

***Fourth***, LiiON claims that it had no obligation to disclose Mr. Barney's ownership interest under Local Rule 3.2. Dkt. 361 at 4–5 (arguing "Plaintiff was under no obligation to reveal any of its members through its corporate disclosure statement"). This is false. "Local Rule 3.2 is clear that in the case of an LLC [e.g., like LiiON], an affiliate includes 'any member.' Thus, a proper notice of affiliates should disclose any member of the company.… [I]f any member is itself a … 'LLC'… [the party] must also disclose that member's affiliates." *Malibu Media, LLC v. Does 1– 6*, 291 F.R.D. 191, 208–09 (N.D. Ill. 2013) (citation omitted) (plaintiff LLC "ordered to file an appropriate notice of affiliates with this Court that identifies its members"). This requirement to disclose all members under Local Rule 3.2 is, in part, to ensure that a court, like here, has diversity jurisdiction. Dkt. 135 ¶ 17 (claiming diversity jurisdiction); *see Advance Payroll Funding, Ltd. v. Duraco Prods., Inc.*, 2008 WL 4372039, at *1 n1. (N.D. Ill. Feb. 25, 2008) ("[I]f counsel had paid

---

[4] LiiON claims that none of its witness lied about Mr. Barney's ownership interest in LiiON. Dkt. 361 at 6–7. LiiON is not publicly-traded company with thousands of owners. It is a company with one employee—Gary Gray. For three separate co-owners to have no idea whether Mr. Barney owns an interest in LiiON strains credulity. It particularly strains credulity with regards to Mr. Hoffman, who signed the LiiON-Lithium Werks Purchase Agreement on behalf of Green Grapes, LLC.

4

heed to the LR [3.2] he would have seen that every *member* of the plaintiff LLC had to be disclosed-and this is so, of course, for the jurisdictional reason set out in the cited cases."); *see also Wise v. Wachovia Secs.*, 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company … is the citizenship of each of its members.").[5]

## CONCLUSION

Time and again, LiiON has repeatedly shown its complete disregard for its discovery obligations and a lack of adherence to court rules. Its response to Vertiv's supplemental filing is yet another example. LiiON's counsel knowingly and intentionally violated the Protective Order. The only appropriate action is severe sanctions, including but not limited to enjoining Mr. Barney from any further access to Vertiv's protected materials, finding LiiON's counsel to be in contempt, and awarding Vertiv its reasonable attorneys' fees and costs incurred on this reply and otherwise on account of the violations.

---

[5] At end of its response, LiiON claims that the November 1, 2018 and the January 3, 2019 emails that Barney was on and cited in Vertiv's Supplement, (*see* Dkt. 353-1 at 5), are attorney-client privileged. Dkt. 361 at 7–9. This claim should be rejected. LiiON long ago waived any privilege on these emails. As shown by the multiple bates stamps on the documents, LiiON repeatedly produced these documents unredacted. LiiON's counsel represented in a separate litigation that they had reviewed every page of the production. Ex. 5 ¶ 4 ("Defendant's counsel have been engaged in extensive document production (over 13,000 pages) for another case pending before the Northern District of Illinois … which ***required intensive attorney review of each page prior to disclosure***." (emphasis added)). Putting that all aside, LiiON has known Vertiv had these unredacted emails since *October* (i.e., *four months ago*) when Vertiv provided LiiON a copy of the Rule 11 motion it intended to file along with the exhibits which included these two emails. *See* Ex. 6; *Baxter Travenol Labs., Inc. v. Abbott Labs.*, 117 F.R.D. 119, 120 (N.D. Ill. 1987) (concluding party waived privileged when "he failed to do anything over a period of months" when he knew document had been produced").

Dated: February 20, 2020

Respectfully submitted,

*/s/ J. Erik Connolly*
J. Erik Connolly
Nicole E. Wrigley
Christopher J. Letkewicz
Kate Watson Moss
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
Email: econnolly@beneschlaw.com
   nwrigley@beneschlaw.com
   cletkewicz@beneschlaw.com
   kmoss@beneschlaw.com

*Attorneys for Defendants Vertiv Corporation & Vertiv Group Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2020, a copy of the foregoing ***Reply to Plaintiff's Response to Vertiv's Supplement to Vertiv's Motion for Discovery Sanctions*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ J. Erik Connolly*
*Counsel for Defendants Vertiv Group*
*Corporation and Vertiv Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LIION, LLC,**<br><br>   Plaintiff,<br><br> vs.<br><br>**VERTIV GROUP CORPORATION, et al.,**<br><br>   Defendants. | CASE NO. 1:18-CV-06133<br><br>JUDGE MARY M. ROWLAND<br><br>MAGISTRATE JUDGE YOUNG B. KIM |

# **EXHIBIT INDEX**

| Exhibit | Description |
|---|---|
| 1 | Green Grapes Articles of Organization |
| 2 | 2017 Green Grapes Limited Liability Company Annual Report |
| 3 | 2018 Green Grapes Limited Liability Company Annual Report |
| 4 | 2019 Green Grapes Limited Liability Company Annual Report |
| 5 | *Northstar Battery Co. v. EnXergy*, 18-cv-3065 (W.D. Mo.), Defendant's Motion for Extension of Time |
| 6 | 10/25/19 Email from Vertiv's Counsel to LiiON's Counsel |