IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LiiON LLC,<br><br>Plaintiff,<br><br>v.<br><br>VERTIV GROUP CORPORATION et al.,<br><br>Defendants. | Case No. 18-cv-6133<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

On February 28, 2020, the magistrate judge issued a twenty-five (25) page Report and Recommendation granting in part and denying in part Vertiv Group's (Vertiv) Motion for Discovery Sanctions. (R. 367). Neither party has filed an objection to the court's thorough and careful opinion, and this Court adopts it in its entirety.[1]

**A. Brief Background**

LiiON alleges in its Second Amended Complaint that it supplies "customers with innovative stored energy solutions designed for data center, telecom, uninterruptable power system, and cable and wind/solar applications." (R. 135, 2d Am. Compl. ¶ 2.) LiiON developed proprietary algorithms for controlling lithium-ion systems, (*Id.* ¶¶ 40-41), and around 2014, entered into a joint venture with Defendants so that LiiON's technology could be integrated into battery cabinets. (*Id.*

---

[1] Parties have 14 days from the date of the Report and Recommendation to file objections. See Fed. R. Civ. P. 72(a) & (b)(2). Failure to object constitutes a waiver of the right to appeal. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011).

1

¶¶ 60-67.) According to LiiON, Defendants misappropriated its trade secrets, including "methods, software systems, and components operating together to form the basis of LiiON's lithium-ion smart solutions," and divulged them to third parties, including Samsung. (*Id.* ¶¶ 100-109.) That conduct was a violation of the parties' mutual nondisclosure agreement. (*Id.* ¶¶176-79.) In response to the lawsuit, Vertiv alleges LiiON breached a contract related to purchase orders for lithium-ion battery cabinets, breached the implied covenant of good faith and fair dealing, and tortiously interfered with business relationships. (R. 38, Counterclaims ¶¶ 37-79.)

The magistrate judge has presided over the contentious discovery since November 2018. (R. 26). During fact discovery, the parties filed a total of nine (9) motions to compel and Vertiv filed an additional two (2) motions to enforce. With that extensive knowledge of the case, the magistrate judge considered Vertiv's Motion for Discovery Sanctions. (R. 299).

**B. Standard of Review**

Federal Rule of Civil Procedure 72 governs this Court's review of rulings by magistrate judges. For non-dispositive matters, the district court may only reverse a magistrate judge's order when the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). When a magistrate judge submits a recommendation on a dispositive motion and a party objects, the district court reviews it *de novo*. Fed. R. Civ. P. 72(b). Whether a matter is dispositive or non-dispositive is determined by reference to 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the power "to

2

hear and determine any pretrial matter" with certain exceptions. *See Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("'Dispositive' is merely a term used to describe the motions listed in subsection 636(b)(1)(A)...."). Those motions excepted from § 636(b)(1)(A) are deemed dispositive under Rule 72(b). *Id.* The statute specifically enumerates eight exceptions, including motions for judgment on the pleadings, for summary judgment, and to dismiss for failure to state a claim upon which relief may be granted. 28 U.S.C. § 636(b)(1)(A). At the same time "dispositive orders are not strictly limited to those orders that formally resolve the eight matters enumerated in the statute." *Lynchval Sys., Inc. v. Chi. Consulting Actuaries, Inc.*, No. 95 C 1490, 1996 WL 780492, at *4 (N.D. Ill. Dec. 11, 1996). Rather "[o]rders that have the practical effect of necessarily resolving one of those eight matters ... are considered dispositive of the merits." *Id.* While dispositive matters may be heard by a magistrate judge, the magistrate judge may only make proposed findings and recommendations that are subject to *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(B), (C).

Although the motion at issue was entitled a Motion for Discovery Sanctions, it requested dispositive relief including dismissal of LiiON's claims. Therefore, the magistrate judge issued a Report and Recommendation as opposed to a discovery sanctions order. This court will therefore review the magistrate judge's ruling *de novo*. (R. 367 at 1, n.1). *See* Federal Rule of Civil Procedure 72(b)(3).

**C. Magistrate Judge's Findings**

While Vertiv raised a host of alleged discovery violations by LiiON, the court found a "small subset" of the conduct sanctionable. In terms of document production, the court determined that LiiON's failure to seek documents from Hoffman, Corcoran, Hankin, Kostan, Sosin, Hehn and Kathy Gray sanctionable. The court rejected Vertiv's remaining arguments regarding document gathering and production. (R. 367 at 5-10).

Next, Vertiv raised several instances of alleged misrepresentations by LiiON. The court carefully considered but rejected each of Vertiv's arguments that LiiON made misrepresentations in Gray's interrogatory responses and in various document request responses. The judge did, however, find that LiiON made misrepresentations in responding to document requests for communications with third parties. (*Id.*, at 10-15) (*See,* Requests for Production 3, 5 & 43).

Finally, the court considered Vertiv's argument that LiiON engaged in sanctionable conduct by failing to properly and timely complete the corporate disclosures required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.2. The Court considered (a) the timing of the disclosure, (b) the timing of Mr. Barney's acquiring ownership interest in LiiON through an LLC, and (c) the deposition testimony of Corcoran and Hoffman including the dates of those deposition relative to Mr. Barney acquiring an ownership interest. The court further required Mr. Barney, an officer of the court, to submit an affidavit detailing when he reviewed

documents limited to Attorney's Eyes Only (AEO) and whether he shared AEO documents with any LiiON principals. After this thorough review of the record, the court determined there was no discovery violation. (R. 367 at 15-19).

This Court adopts all the magistrate judge's aforementioned findings as supported by the record.

**D. Magistrate Judge's Sanctions**

After determining that LiiON had engaged in some sanctionable conduct by failing to collect responsive documents from the witnesses listed and by falsely stating in its RFP responses that it possessed not documents with respect to agreements and communications with third parties, the magistrate judge turned to fashioning an appropriate sanction. The court first correctly noted that the "guiding principal in this task is proportionality." (R. 367 at 19, *citing Goss Graphics Sys., Inc. v. DEV Indus., Inc.*, 267 F.3d 624, 627 (7th Cir. 2001)). The court noted that it was not required to impose the "least drastic sanctions" when addressing a party's failure to comply with discovery rules, but rather should assign a sanction that reflects the severity of the misconduct. (*Id.* 19-20, *citing Rice v. City of Chi.*, 333 F.3d 780, 784 (7th Cir. 2003). With the appropriate legal standards in mind, the court recommended:

> a monetary sanction in the amount of half the reasonable fees Defendants incurred in deposing the seven witnesses from whom LiiON neglected to collect documents, given that their depositions presumably could have been more efficient and productive had LiiON gathered relevant documents from them in discovery. … [and] a sanction in the form of half the reasonable fees Defendants incurred in filing this motion. Additionally, given LiiON's

5

> misrepresentations with respect to the existence of third-party agreements, LiiON should be barred from referencing or offering any evidence in this case with respect to any third-party agreements it failed to identify or produce in discovery. This bar would not prevent Defendants from referencing or offering the same.

*Id.,* at 23.

This Court finds these recommended sanctions consistent with the law and proportional to the established discovery violation. The Court adopts these sanctions in full.

E N T E R:

Dated: May 8, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge