IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LiiON, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VERTIV GROUP CORPORATION et al., <br><br> Defendants. | Case No. 18-cv-6133 <br><br> Judge Mary M. Rowland |

### MEMORANDUM OPINION AND ORDER

On July 6, 2020, the magistrate judge issued an order awarding fees to Vertiv Group Corp. (Vertiv) in the amount of $57,026.70 based on discovery violations by Plaintiff. (Dkt. 385). Vertiv has filed an objection to the amount of the fee award. (Dkt. 387). For the following reasons, this Court adopts in part and rejects in part the magistrate judge's fee award.

**A. Background**

LiiON, LLC (LiiON) alleges in its Second Amended Complaint that it supplies "customers with innovative stored energy solutions designed for data center, telecom, uninterruptable power system, and cable and wind/solar applications." (Dkt. 135, Sec. Am. Compl. ¶ 2.) LiiON developed proprietary algorithms for controlling lithium-ion systems, (*Id.* ¶¶ 40-41), and around 2014, entered into a joint venture with Defendants so that LiiON's technology could be integrated into battery cabinets. (*Id.* ¶¶ 60–67.) According to LiiON, Defendants misappropriated its trade secrets,

1

including "methods, software systems, and components operating together to form the basis of LiiON's lithium-ion smart solutions," and divulged them to third parties, including Samsung. (*Id.* ¶¶ 100–109.) That conduct was a violation of the parties' mutual nondisclosure agreement. (*Id.* ¶¶176–79.) In response to the lawsuit, Vertiv alleges LiiON breached a contract related to purchase orders for lithium-ion battery cabinets, breached the implied covenant of good faith and fair dealing, and tortiously interfered with business relationships. (Dkt. 38, Counterclaims ¶¶ 37–79.)

**B. Discovery disputes**

The magistrate judge has presided over the contentious discovery since November 2018. (Dkt. 26). During discovery, the parties filed a total of nine (9) motions to compel and Vertiv filed an additional two (2) motions to enforce. On February 28, 2020, the magistrate judge issued a twenty-five (25) page Report and Recommendation granting in part and denying in part Vertiv's Motion for Discovery Sanctions. (Dkt. 367).[1]

In summary, the magistrate judge found that LiiON's failure to seek documents from Hoffman, Corcoran, Hankin, Kostan, Sosin, Hehn and Gray sanctionable. The Court rejected Vertiv's remaining arguments regarding document gathering and production. (Dkt. 367 at 5–10). While the magistrate judge rejected several allegations that LiiON made misrepresentations in certain interrogatory and document request responses, he did find that LiiON made misrepresentations in

---

[1] Neither party objected to these findings, and the Court adopted them on May 8, 2020. (Dkt. 374).

2

responding to document requests for communications with third parties. (*Id.* at 10–15). Finally, the Court considered Vertiv's argument that LiiON failed to properly complete the corporate disclosures required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.2. After a thorough review of the record, the Court determined there was no discovery violation. (Dkt. 367 at 15–19).

In fashioning a sanction, the Court correctly noted that the "guiding principal in this task is proportionality." (Dkt. 367 at 19, *citing Goss Graphics Sys., Inc. v. DEV Indus., Inc.*, 267 F.3d 624, 627 (7th Cir. 2001)). The Court noted that it need not impose the "least drastic sanctions" but should assign a sanction that reflects the severity of the misconduct. (*Id.* at 19–20, *citing Rice v. City of Chi.*, 333 F.3d 780, 784 (7th Cir. 2003). The Court recommended, in pertinent part:

> a monetary sanction in the amount of half the reasonable fees Defendants incurred in deposing the seven witnesses from whom LiiON neglected to collect documents, given that their depositions presumably could have been more efficient and productive had LiiON gathered relevant documents from them in discovery. [. . .] [and] a sanction in the form of half the reasonable fees Defendants incurred in filing this motion.

*Id.,* at 23.

On June 5, 2020, Vertiv filed its petition for fees pursuant to the magistrate judge's order (Dkt. 379).[2] In total, Vertiv requested $139,370.89. Supported by billing records, this was the one-half of the mount paid by Vertiv for the tasks outlined in the magistrate judge's Order. LiiON responded, objecting to the number of attorneys

---

[2] Vertiv filed a corrected petition for fees later that same day. (Dkt. 380).

billing on assignments, the billing rates of those attorneys and the hours spent. (Dkt. 384). The magistrate judge awarded $57,026.70. (Dkt. 385).

**C. Standard of Review**

Federal Rule of Civil Procedure 72 governs this Court's review of rulings by magistrate judges. For non-dispositive matters, the District Court may only reverse a magistrate judge's order when the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In addition to this deferential standard, the Court is also mindful that the magistrate judge has considerable discretion in establishing the appropriate amount of a fee award. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 639 (7th Cir. 2011); *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 551 (7th Cir. 1999). The Seventh Circuit has consistently noted that "[b]y virtue of its familiarity with the litigation," the District Court is in the best position to determine the number of hours reasonably expended. *Seventh Ave., Inc. v. Shaf Int'l, Inc.,* 909 F.3d 878, 881 (7th Cir. 2018) (citing *McNabola v. Chicago Transit Auth.,* 10 F.3d 501, 519 (7th Cir. 1993)).

To determine "a reasonable attorney's fee," the Seventh Circuit has instructed that "the district court must make that assessment, at least initially, based on a calculation of the 'lodestar'—the hours reasonably expended multiplied by the reasonable hourly rate—and nothing else." *Johnson v. GDF, Inc.,* 668 F.3d 927, 929 (7th Cir. 2012) (citing *Pickett,* 664 F.3d at 639). Vertiv is correct that there "is a strong

presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett,* 664 F.3d at 639. However, it is equally true that once the Court has established an attorney's appropriate hourly rate, it next assesses the attorneys' time entries and should "exclude hours that are 'excessive, redundant or otherwise unnecessary.'" *Small,* 264 F.3d at 708 (quoting *Hensley,* 461 U.S. at 434). What qualifies as a "reasonable" use of a lawyer's time "is a highly contextual and fact specific enterprise," and the court has "wide latitude" in awarding attorneys' fees. *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) (internal quotation marks omitted). The Seventh Circuit has observed, "[t]here is no one correct formula for determining a fee award." *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 (7th Cir. 1986). However, a Court may not arbitrarily cut a fee request; "a concise but clear explanation of its reasons for any reduction" is required. *Id.* (internal quotation omitted).

**D. Depositions**

The magistrate judge undoubtedly thoroughly reviewed the parties' submissions regarding depositions. He determined the attorneys that conducted each deposition and the amount of time each deposition lasted by reviewing Vertiv's timesheets. Although he did not say so specifically, he then determined that the time spent preparing for each deposition was unreasonable. For instance, with respect to the Corcoran deposition, it is clear the magistrate judge reviewed the time records and the parties' arguments and found 65 hours excessive for a 6 ½ hour deposition. As LiiON notes "even after Mr. Bedell, Mr. Walsh and Ms. Watson Moss had

5

collectively spent nearly 20 billable hours just preparing materials and documents for the deposition, Ms. Wrigley, a senior partner, then spent another 22 hours just to prepare for this one deposition." (Dkt. 384 at 5). The magistrate judge's finding that the time spent by Vertiv preparing for each deposition was excessive is not clearly erroneous.

The depositions ran in length from 6 ½ hours to 9 hours including breaks. Vertiv chose to send two attorneys to most of the depositions. Including the time spent at the deposition, counsel billed: 65.25 hours for Robert Corcoran's deposition; 52.75 hours for Roger Hankin's deposition; 36.75 hours for Linda Hehn's deposition; 108.25 for Jerry Hoffman's deposition; 55.25 hours for Kathryn Gray's deposition; 125.35 for Dean Kostan's deposition and 89.25 for Andrew Sosin's deposition. In each instance, the Court finds no error with the magistrate judge's conclusion that the time spent on deposition preparation was excessive.

Instead of discussing the time spent preparing for each deposition, the magistrate judge applied a formula. He "multiplied the actual number of hours for each deposition by three" to account for preparation and actual deposition time and then divided by two, to divide the hours between the two attorneys who attended the deposition. (Dkt. 385) (citations omitted). The Court believes this was erroneous. The Court believes a more tailored approach is required.[3]

---

[3] The magistrate judge multiplied this number of hours by the hourly rate of the two attorneys who deposed the witness or attended the deposition on behalf of Vertiv. (Dkt. 385). In so doing, the magistrate judge accepted the billing rates Vertiv paid the attorneys. The Court does not believe that was erroneous and accepts these billing rates. (Dkt. 380 at 4).

This Court has reviewed the arguments submitted to the magistrate judge, (Dkt. 380, 384), as well as those submitted to this Court. From the outset the magistrate judge determined that an appropriate sanction would be compensation at one-half of the reasonable fees incurred for the depositions. This has not been challenged and will be applied to the calculations below. Having carefully reviewed the billing records and all the briefing, the Court allows the following:

**Robert Corcoran:** It was unreasonable and excessive to bill 65.25 hours for five separate lawyers to locate documents, prepare deposition materials, prepare exhibits, and prepare for this deposition. The Court will allow for the time billed by attorneys Walsh (16 hours) and Wrigley (28.5 hours), only.

| Attorney | Hours | Billable Rate | Total |
|---|---|---|---|
| Walsh | 16 | $214.50 / hour | $3,432.00 |
| Wrigley | 28.5 | $507.00 / hour | $14,449.50 |
| | | Sum Total: | $17,881.50 |
| | | 50 % of Sum Total: | $8,940.75 |

**Roger Hankin:** It was unreasonable and excessive to bill 52.75 hours for this deposition. The Court will allow the time for attorney Walsh (33.25 hours) only, rounding to the nearest cent.

| Attorney | Hours | Billable Rate | Total |
|---|---|---|---|
| Walsh | 33.25 | $214.50 / hour | $7,132.125 |
| | | 50 % of Sum Total: | $3,566.06 |

**Linda Hehn:** It was unreasonable and excessive to bill 36.75 hours for this 5-hour deposition, including breaks. The Court will allow the time spent preparing for and

7

taking the deposition by attorney Letkewicz on June 17, June 18 and June 19 only, rounding to the nearest cent (22.25 hours).

| Attorney | Hours | Billable Rage | Total |
|---|---|---|---|
| Walsh | 22.25 | $448.50 / hour | $9,979.125 |
| | | 50 % of Sum Total: | $4,989.56 |

**Jerry Hoffman:** It was unreasonable and excessive to bill 108.25 hours for three separate lawyers to locate documents, prepare deposition materials, prepare exhibits, and prepare for this deposition. The Court will allow attorney Connolly's billed time except for June 11, 2018 (34.75 hours). The Court will also allow attorney DePizzo's time billed in June 2018 (36.5 hours). Time billed in April of 2018 is not allowed.

| Attorney | Hours | Billable Rate | Total |
|---|---|---|---|
| Connolly | 34.75 | $585.00 / hour | $20,328.75 |
| DePizzo | 36.5 | $300.30 / hour | $10,960.95 |
| | | Sum Total: | $31,289.70 |
| | | 50 % of Sum Total: | $15,644.85 |

**Kathryn Gray:** It was unreasonable and excessive to bill 55.25 hours for three separate lawyers to locate documents, prepare deposition materials, prepare exhibits, and prepare for this deposition. The Court will allow only the time attorneys Walsh (17.75 hours) and Wrigley (19 hours) billed, rounded to the nearest cent.

| Attorney | Hours | Billable Rate | Total |
|---|---|---|---|
| Walsh | 17.75 | $214.50 / hour | $3,807.375 |
| Wrigley | 19 | $507.00 / hour | $9633.00 |
| | | Sum Total: | $13,440.375 |
| | | 50 % of Sum Total: | $6,720.19 |

**Dean Kostan:** The court recognizes the complexity of taking this deposition over two days and the fact that Kostan was involved in creating source code. But it was unreasonable and excessive to bill 125.35 hours for five separate lawyers to locate documents, prepare deposition materials, prepare exhibits, and prepare for this deposition. The Court will allow the time billed by attorneys Letkewicz (22.6 hours) and Wrigley (32.75 hours) in August 2019, rounded to the nearest cent.

| Attorney | Hours | Billable Rate | Total |
|---|---|---|---|
| Letkewicz | 22.6 | $448.50 / hour | $10,136.10 |
| Wrigley | 32.75 | $507.00 / hour | $16,604.25 |
| | | Sum Total: | $26,740.35 |
| | | 50 % of Sum Total: | $13,370.18 |

**Andrew Sosin:** It was unreasonable and excessive to bill 89.25 hours for three separate lawyers to locate documents, prepare deposition materials, prepare exhibits, and prepare for this deposition The Court will allow the time billed by attorneys Walsh (19.25 hours) and Wrigley (32 hours) between June 15 and July 1, 2019, rounded to the nearest cent.

| Attorney | Hours | Billable Rate | Total |
|---|---|---|---|
| Walsh | 19.25 | $214.50 / hour | $4,129.125 |
| Wrigley | 32 | $507.00 / hour | $16,224.00 |
| | | Sum Total: | $20,353.125 |
| | | 50 % of Sum Total: | $10,176.56 |

**E. Motion for Sanctions.**

The magistrate judge thoroughly reviewed the billing records and determined that spending 265.75 hours was excessive. This Court agrees. The magistrate judge

deleted the time spent by those attorneys who spent the least amount of time on the motion: Bedell's 9.5 hours; Walsh's 7.5 hours; Wrigley's 22.75 hours; and Connolly's 21.25 hours. He allowed all of Watson Moss's 74.25 hours and Letkewicz's 25.75 plus the paralegal's 20 hours. He allowed each of these three individuals to be billed at their respective hourly rates. It was not clear error to award 100 hours of attorney time and 20 hours of paralegal time for an 18-page motion and a 17-page reply, particularly when much of the motion was rejected on the merits. (*See* Dkt. 367 at 1 "only a small subset of the conduct [Vertiv] highlight[s] is sanctionable.") As ordered originally, this award was reduced by 50% to a total of $20,664.70. The Court will not disturb this portion of the award.

**F. Conclusion**

The Court therefore awards a total of $63,408.15 for the time spent preparing for and taking the pertinent depositions. The Court affirms the magistrate judge's award of $20,664.70 for the work performed on the motion for sanctions. The total award is $84,072.85. The magistrate judge ordered that $57,026.70 of this was to be paid by December 11, 2020. (Dkt. 392). The balance shall be paid as follows: $10,000 by February 15, 2021; $10,000 by March 15, 2021; and $7,046.15 by April 15, 2021.

| Billable Time | Total |
|---|---:|
| Corcoran Deposition | $8,940.75 |
| Hankin Deposition | $3,566.06 |
| Hehn Deposition | $4,989.56 |
| Hoffman Deposition | $15,644.85 |
| Gray Deposition | $6,720.19 |
| Kostan Deposition | $13,370.18 |
| Sosin Deposition | $10,176.56 |
| Motion for Sanctions | $20,664.70 |
| **Sum Total Due:** | **$84,072.85** |
| Paid per Judge Kim's Order: | $57,026.70 |
| Due February 15, 2021: | $10,000 |
| Due March 15, 2021: | $10,000 |
| Due March 15, 2021: | $7,046.15 |

E N T E R:

Dated: January 22, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge