IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LIION, LLC,** <br><br> Plaintiff, <br><br> vs. <br><br> **VERTIV GROUP CORPORATION, et al.,** <br><br> Defendants. | CASE NO. 1:18-CV-06133 <br><br> JUDGE MARY M. ROWLAND <br><br> MAGISTRATE JUDGE YOUNG B. KIM |

**DEFENDANTS VERTIV GROUP CORPORATION, VERTIV CORPORATION, AND LIEBERT CORPORATION'S RESPONSE TO PLAINTIFF LIION, LLC'S <u>STATEMENT OF ADDITIONAL UNDISPUTED FACTS</u>**

In accordance with Local Rules 56.1(c)(2) and 56.1(e), Defendants Vertiv Group Corporation, Vertiv Corporation, and Liebert Corporation (collectively, "Vertiv") hereby submit their response to Plaintiff LiiON, LLC's ("LiiON") statement of additional undisputed facts ("SOAF") as follows:

1.  

    Vertiv's Answer ¶ 47. (Dkt. 140).

**RESPONSE:** Vertiv disputes that the cited pleading establishes that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (emphasis in original). (*See* Dkt. 140 ¶ 47.) In its Answer, Vertiv admitted only that "LiiON built a UL Listed system," and denied all remaining allegations in Paragraph 47 of LiiON's Second Amended Complaint. (*Id.*) Because LiiON fails to cite any record evidence supporting SOAF ¶ 1 in violation of Local Rule 56.1(d)(2), SOAF ¶ 1 should be disregarded.

2.  ▬▬▬▬ Vertiv's Answer ¶ 56 (Dkt. 140).

**RESPONSE:** Vertiv does not dispute SOAF ¶ 2.

3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ LiiON001759, *see, also*, Gray Dep. at 215, 217, 219, 222, 224, and 270.

**RESPONSE:** Vertiv disputes that the cited document and deposition testimony supports SOAF ¶ 3. LiiON01759 is simply one page of a purported NDA between LiiON and Gerald Hoffman and is unsigned. The cited portions (except Page 270) of Mr. Gray's deposition testimony is Mr. Gray simply testifying that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ LiiON does not cite to any actual NDA entered into between LiiON and those aforementioned parties or that those NDAs were executed before LiiON disclosed any confidential material. Mr. Gray's speculation that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not admissible evidence. *See, e.g., Thomas v. DeJoy*, 2021 WL 1088324, at *6 (N.D. Ill. Mar. 22, 2021) (stating that nonmovant cannot rely on "speculation or conjecture" in opposing summary judgment); *Pfeil v. Rogers*, 757 F.2d 850, 863 (7th Cir. 1985) (affirming district court's refusal to consider speculation set forth in affidavits submitted in support of summary judgment opposition). Vertiv admits that on page 270 of Mr. Gray's deposition he states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but denies that this is evidence of a practice that LiiON required its employees and business partners to sign nondisclosure agreements prior to the disclosure of any confidential material. Because LiiON fails to cite record evidence supporting its claim in SOAF ¶ 3 in violation of Local Rule 56.1(d)(2), SOAF ¶ 3 should be disregarded.

4. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Vertiv's Answer ¶ 57. (Dkt. 140)

**RESPONSE:** Vertiv disputes that the cited pleading supports SOAF ¶ 4. Paragraph 57 of Vertiv's Answer merely referenced the alleged document "for its content," and "denie[d] any allegations inconsistent therewith." (Dkt. 140 ¶ 57.) Because LiiON fails to cite any record evidence supporting SOAF ¶ 4 in violation of Local Rule 56.1(d)(2), SOAF ¶ 4 should be disregarded.

5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ LiiON000207 attached hereto as Exhibit A. Vertiv's Answer ¶ 66. (Dkt. 140)



**RESPONSE:** Vertiv does not dispute that, ██████████████ ██████████████████████████████████████ Vertiv disputes that the purpose of the Mutual Nondisclosure Agreement ("NDA") attached as Exhibit A to LiiON's SOAF was ████████████████████████████████████████ ████████████████████████████ The NDA itself belies LiiON's SOAF ¶ 5, because it provides that it "shall not be construed as a teaming, joint venture or other such agreement, nor shall it commit the other to use, buy, sell, dispose of any existing or future product, or proceed with any contemplated transaction between the Parties, and each Party reserves the right, in its sole discretion, to terminate any such discussions contemplated by this NDA at any time." (Ex. A at § 7 (LiiON000208).) Vertiv further disputes that the cited pleading supports SOAF ¶ 5. Paragraph 66 of Vertiv's Answer merely referenced the alleged document "for its content," and "denie[d] any allegations inconsistent therewith." (Dkt. 140 ¶ 66.)

6. ████████████████████████████████████████ ████████████████████████ Vertiv's Answer ¶ 52 (Dkt. 140)

**RESPONSE:** Vertiv disputes that the cited pleading supports SOAF ¶ 6. Paragraph 52 of Vertiv's Answer states that Vertiv lacks sufficient knowledge to form a belief as to the truth of the allegations that, "[o]n or about November 7, 2012, LiiON sent its first beta lithium-ion UPS system to APC by Schneider Electric for testing under a mutual non-disclosure agreement." (Dkt. 140 ¶ 52.) Because LiiON fails to cite any record evidence supporting SOAF ¶ 6 in violation of Local Rule 56.1(d)(2), SOAF ¶ 6 should be disregarded.

7. ████████████████████████████████████████ Vertiv's Answer ¶ 80. (Dkt. 140)

**RESPONSE:** Vertiv does not dispute SOAF ¶ 7.

8. ████████████████████████████████████████ ███████ *Id.* at VERTIV014490 attached as Exhibit 26.

**RESPONSE:** Vertiv disputes that the cited document supports SOAF ¶ 8. SOAF Ex. 26 at VERTIV014490 states, in its entirety, ████████████████

██████ Even SOAF Ex. 26 at VERTIV014480 makes no reference to ██████ and instead states that ██████

██████ SOAF Ex. 26 at VERTIV014480.

9. ██████ Exhibit 12 John Polenz Dep. at 46:11-48:5; Exhibit 13 James Turner Dep. at 50:2-20; Exhibit 14 William Campbell Dep. at 65:7-66:17; Exhibit 15 Laurie Yates Dep. 74:15-76:23; Exhibit 15 Mayo Tabb Dep. at 35:20-37:4; Exhibit 16 Keith Johns Dep at 102:22-103:4.

**RESPONSE:** Vertiv disputes that the citations in SOAF ¶ 9 support that ██████

██████ In particular: (1) the cited testimony from Mr. Kessen was not discussing LiiON specifically, but rather generally documents marked "confidential;" (2) the cited testimony from Mr. Polenz is discussing Vertiv's general policies and procedures concerning confidential information and the ethics training he received; (3) the cited testimony from Mr. Turner is discussing his training in handling third party confidential information and his understanding generally that information from third parties was to be kept confidential; (4) the cited testimony from Mr. Campbell is discussing a NDA between Liebert and Valence Technology; (5) the cited testimony from Ms. Yates discusses a purchase order, not whether Vertiv employees understood if information from LiiON was to be treated proprietary and confidential; and (6) the cited testimony from Mr. Tabb is discussing Vertiv's general corporate policies concerning third party confidential and technical information. Vertiv admits that Mr. Herring testified at the cited page numbers in SOAF ¶ 9 that ██████ Vertiv also admits that Mr. Johns testified at the cited page numbers in SOAF ¶ 9 that he ██████

4

10. █████████████████████████████████
VERTIV012828 attached as Exhibit 27.

**RESPONSE:** Vertiv disputes that the cited document supports SOAF ¶ 10. In SOAF Ex. 27, a Vertiv engineer comments that he ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

SOAF Ex. 27 at VERTIV012828; *see also id.* at VERTIV012829 ███████████

████████████████████████████████████████ The Vertiv

engineer expressed belief that ████████████████████████████

████████████████████████████████████████

█████████████████████ *Id.* at VERTIV012828 (emphasis added).

11. ███████████████████████████████

████████████████████████ Exh. 28 – Geraghty Dep. at 208, 229.

**RESPONSE:** Vertiv disputes the cited portions of Mr. Geraghty's deposition supports SOAF ¶ 11. Page 208 of Mr. Geraghty's deposition merely references an email that states that Mr. Geraghty ███████████████████████████████

████████████████████████████████ and Page 229 of Mr.

Geraghty's deposition merely references another email that states that █████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████ Because LiiON fails to cite any record evidence supporting SOAF ¶ 11 in violation of Local Rule 56.1(d)(2), SOAF ¶ 11 should be disregarded.

12. In response to Defendants' Interrogatory No. 8 LiiON stated as follows:

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

5





7





**RESPONSE:** Vertiv does not dispute that the above constitutes LiiON's response to Vertiv's Interrogatory No. 8.

Dated: May 6, 2021

Respectfully submitted,

/s/ *J. Erik Connolly*
J. Erik Connolly
Nicole E. Wrigley
Christopher J. Letkewicz
Benesch, Friedlander, Coplan & Aronoff LLP
71 S. Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
Email: econnolly@beneschlaw.com
  nwrigley@beneschlaw.com
  cletkewicz@beneschlaw.com

*Counsel for Defendants Vertiv Group Corporation, Vertiv Corporation and Liebert Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2021 a copy of the foregoing ***Defendants Vertiv Group Corporation, Vertiv Corporation, and Liebert Corporation's Response to Plaintiff Liion, LLC's Statement of Additional Undisputed Facts*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ J. Erik Connolly*
*Counsel for Defendants Vertiv Group*
*Corporation, Vertiv Corporation and Liebert*
*Corporation*